The Court was of opinion, that the Plaintiff could not recover, because he had not produced in evidence (547) the judgment and execution recited in the Sheriff's deed, but had produced a judgment and execution against Philemon Hodges only; and because the Sheriff's deed was dated on 30 April, 1810, whereas it appeared by the Sheriff's return, that the lands were not sold till the first day of September following; and lastly, because the return on the writ of venditioni exponas shewed that James Atkins became the purchaser at the sale, and not he and John Thames, and that the price at which Atkins purchased was different from that which the deed recited was paid by him and Thames. The Plaintiff submitted to a nonsuit, declaring that he was ready to prove that the land described, in the declaration was included in the levy, sale, and Sheriff's deed, and had been conveyed by Atkins and Thames to his lessor. A rule for a new trial was obtained; which being discharged, the Plaintiff appealed.
This case comes within the principles which governed Smith v. Kelly, ante, 507. The nonsuit must be set aside and a new trial granted.
Cited: Davis v. Evans, 27 N.C. 532; Lyerly v. Wheeler, 33 N.C. 290. *Page 340 
(548)